FILED
U.S. District Court
District of Kansas
11/20/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NAGINBHAI KANUBHAI PATEL,

Petitioner,

v.

Warden, Midwest Regional Reception Center;
SAMUEL OLSON, Field Office Director, ICE;
MARKWAYNE MULLIN, DHS Secretary; and
TODD BLANCHE, Attorney General,

Respondents.

Case No. 26-3401-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the adequacy of his bond hearings in immigration court. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of India, entered the United States in November 2019, and he was detained by immigration officials on August 19, 2026. On September 3, 2026, and again on September 30, 2026, petitioner received a bond hearing in immigration court, and on each occasion, the immigration judge (IJ) denied release on bond, finding that petitioner posed a flight risk. Petitioner remains in custody in this judicial district pending removal proceedings. Petitioner filed the instant action on October 23, 2026; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

As petitioner concedes, this Court lacks jurisdiction to consider a challenge to an immigration judge's bond determination. *See Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)). Petitioner insists that he does not challenge the immigration judge's discretionary decisions regarding bond, but instead challenges the constitutional adequacy of the hearings. The Court therefore assumes that it has jurisdiction to address that narrow claim as presented by petitioner.

After petitioner's first bond hearing, the IJ denied release on bond, finding that petitioner had failed to show that he does not present a flight risk. The IJ noted that petitioner had no pending application for relief from removal in immigration court; that petitioner had not established a stable residence, employment, and community and family ties; and that petitioner had entered the United States illegally. After the second bond hearing, the IJ again denied relief based on a risk of flight, in light of the questionable viability of petitioner's asylum application. Petitioner did not appeal those denials to the Board of Immigration Appeals (BIA). Petitioner argues that the IJ erred at the first hearing in relying on the lack of an asylum application in the immigration court when an application was pending before the United States Citizenship and Immigration Services (USCIS); and he argues that the IJ erred at the second hearing in concluding that petitioner's failure to file his application within one year of entry made his application unlikely to succeed.

The Court denies petitioner's claim concerning the adequacy of his bond hearings. Petitioner was represented by counsel at both hearings, and he had the opportunity to present evidence and argument concerning whether he was a flight risk. Petitioner has not argued that the IJ's decisions lacked any basis; rather he questions the sufficiency of the

cited bases. Those bases, however, present questions best addressed to the immigration court and to the BIA on appeal. Thus, the Court concludes that petitioner has not properly exhausted his administrative remedies because he did not pursue an appeal of the bond denials to the BIA. As a general rule, "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," although a narrow exception may apply if the petitioner demonstrates that exhaustion is futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Requiring petitioner to have completed an appeal to the BIA is appropriate here, as the BIA could have addressed petitioner's complaints concerning the proper basis for a flight risk determination and the viability of an untimely asylum application, and it could have reversed the immigration judge's denial of bond. Petitioner argues that the BIA cannot rule on the constitutionality of the statutes, but his challenge to the bond hearings does not raise such an issue. *See Aguilar Garcia v. Welsh*, 2026 WL 1024984, at *1 (D. Kan. Apr. 16, 2026) (Lungstrum, J.). The Court also denies petitioner's claim on the merits, as petitioner has not shown that the IJ's decisions, which were supported by reasoning relating to the risk of flight, violated due process.

Petitioner states in his reply brief that he also seeks to preserve a claim that he should not have borne the burden of proof at the bond hearings. Petitioner did not assert any such claim in the petition, however. Moreover, as it has done consistently in other cases, the Court denies any such claim. *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.) (bond procedures under 8 U.S.C. § 1226(a), including regarding the burden of proof, comport with due process).

Finally, in light of the Court's denial of petitioner's claim regarding the adequacy of his bond hearings, the Court also denies any claim that petitioner's detention is arbitrary or unreasonably prolonged in violation of due process.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 20th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge